IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

Anthony J. Cable #134917 )
Full name and prison number )
of plaintiffs(s) )
 )
v. ) CIVIL ACTION NO. 2:23-CV-199-MHT-CSC
 ) (To be supplied by Clerk of
Madison County Probation + Parole Department, ) U.S. District Court)
Bridge McGraw Parole Officer; Ala. Bureau of )
Pardons + Paroles, Cam Ward Ex. Director, )
Leigh Gwathney Chairperson, Darryl Littleton )
Ass. Member, Dwayne Spurlock Ass Member )
Name of person(s) who violated )
your constitutional rights. )
(List the names of all the )
persons.) )

I.  PREVIOUS LAWSUITS
   a.  Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action? YES ( ) NO (X)
   B.  Have you begun other lawsuits in state or federal court relating to your imprisonment? YES ( ) NO ( )
   C.  If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   1.  Parties to this previous lawsuit:
       Plaintiff(s) ____N/A____

       Defendant(s) ____N/A____

   2.  Court (if federal court, name the district? if state court, name the county) ____N/A____

3. Docket number _N/A_

4. Name of judge to whom case was assigned _N/A_

5. Disposition (for examples Was the case dismissed? Was it appealed? Is it still pending? ) _N/A_

6. Approximate date of filing lawsuit _N/A_

7. Approximate date of disposition _N/A_

II. PLACE OF PRESENT CONFINEMENT _W.E. Donaldson Correctional Facility 100 Warrior Lane Bessemer Al. 35023_

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED _Madison County Probation & Parole Dept. & Ala. Bureau of Pardons & Parole_

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

NAME _Madison County Probation_ ADDRESS _Office_
1. _Bridget McGraw_ _Wheeler Ave N.W. Huntsville, Al. 35801_
2. _Cam Ward_ _100 Capitol Commerce Blvd. Suite 310 Mont. Al. 36117_
3. _Leigh Gwathney_ _100 Capitol Commerce Blvd. Suite 310 Mont., Al. 36117_
4. _Darryl Littleton_ _100 Capitol Commerce Blvd. Suite 310 Mont. Al. 36117_
5. _Dwayne Spurlock_ _100 Capitol Commerce Blvd. Suite 310 Mont, Al. 36117_
6. 

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED _July 24, 2002_

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: _Plaintiff was deprived of rights and priviledge of Procedural Due Process of law secured by the 5th & 14th Amendment of the Constitution and laws of the United States. Defendants conduct was committed under color of State law._

2

FACTS IN SUPPORT OF GROUNDS

On or about June of 2002 in the Madison County Probation Dept. Parole Officer Ms. Bridget McGraw held a preliminary parole court hearing on the plaintiff. Plaintiff was with counsel, Mr. J. Brice Callaway. The defendant Ms. McGraw was personally involved in intiating revocation charges against plaintiff. Said actions were in violation of the minimal requirement a parolee is afforded.in a parole court hearing. (see paragraph (3) line (1) page (1) attactment with affidavit.)

GROUND 2. Plaintiff was deprived a right and privilege of due process and equal protection of the law., secured by the 14th Amendment, and the right to have compulsory process for obtaining witnesses in his favor in accordance to the 6th Amendment of the United States Constitution and laws of the United States. Defendant conduct was committed under color of State law.

FACTS IN SUPPORT OF GROUNDS

On or about June of 2002 during preliminary parole court hearing, defendant Ms. McGraw of the Madison County Probation and Parole Dept. denied plaintiff right to present witnesses and documentary evidence in his favor. Ms. Mcgraw personally told plaintiff during said hearing witnesses are not allowed. Siad actions were in violation of the minimal requirement plaintiff is accorde in preliminary parole court hearing.

GROUND 3. Plaintiff was deprived a right and privilege of due process and equal protection of the law secured by the 14th Amendment of the Constitution and laws of the United States. Defendant conduct was committed under color of State law.



## FACTS IN SUPPORT OF GROUNDS

During preliminary parole court hearing Madison County Probation and Parole Department denied plaintiff right to confront those providing adverse information against him. This was a violation of the minimal requirement plaintiff is accorded in in preliminary parole court hearing.

GROUND 4. Plaintiff was deprived a right and privilege of procedural due process secured by the 14th Amendment of the Constitution and laws of the United States. Defendant conduct was comitted under color of State law.

## FACTS IN SUPPORT OF GROUNDS

During the month of June 2002 the Madison County Probation Department fail to provide plaintiff notice of facts upon which revocation charges were based. A written summary of the evidence and arguments presented; and a written decision containing the facts and reasoning for finding probable cause.

GROUND 5. Plaintiff was deprived a right to due process and equal protection of the law secured by the 5th and 14th Amend. of the Constitution and the laws of the United States. Defendaants conduct was committed under color of State law.

## FACTS IN SUPPORT OF GROUNDS

Ms. McGraw was a parole officer employed by the Madison County Probation and Parole Department. The Madison County Probation and Parole department is responsible for actions of those in agency. defendants fail all procedural due process requirement allowed. The denial of Constitutional rights was deprivedby by the parole officer, and supervisor of each department and of the madison County Probation and Parole Department.

GROUND 6. Plaintiff was deprived a right to due process and equal protection of the law secured by the 14th Amendment of the Constitution and the laws of the United States. Defenddant conduct was committed under color of state law.

## FACTS IN SUPPORT OF GROUNDS

On or about July 24, 2002 plaintiff parole was revoked by the Alabama Bureau of Pardons & Paroles. The pardons & Paroles fail to afford plaintiff a final revocation hearing in revoking plaintiff parole. Plaintiff was placed in the custody of the Alabama Department of Corrections without ever recieving a final revocation hearing. causing plaintiff to be leagally detain in prison from 2002 to this present time and date. Plaintiff has on several account made this known to the Bereau of Pardons & Parole. Plaintiff was brought up for parole consideration four times being denied all four times. Each time it was brought to the parole Board members attention of this illeagal detainment as well the matter was made known to the executive director of the Parole Board, This issue went unresolved.

VI.   STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU MAKE NO LEAGAL ARGUMENT. CITE NO CASES OR STATUTES.

Whehefore plaintiff request this Honorable Court grant the following relief: A) Grant compensatory damages in the following amount; $1500.00 per day for each illegally detained in the custody of Department of Corrections dating from June 18th, 2002 to present time and date of oeder; $300,000.00 for pain and suffering.

B) Grant punitive damages of $300,000.00 against each defendants.
C) Issue an injunction order that defendants reinstate plaintiff parole in line with conditions desired of by the plaintiff
D) Grant such other relief as it may appear plaintiff is entitled

*[signature]*
Signature of plaintiff

I declare under the penalty of perjury that the foregoing is true and correct.

EXECUTED ON

*[signature]*
Signature of plaintiff

The liberty of a parolee enables him to do a wide range of things open to persons who have never ben convicted of any crime: The parolee has been released from prison based on an evaluation that he shows reasonable promise of being able to return to society and function as a reasonable self-reliant person. Subject to the conditions of his parole, he can be gainfully employed and is free to be with family and friends and to form the other enduring attachments of normal life.

[The Court held that a parolee is entitled to two types of hearing: (1) A "preliminary" hearing to determine whether there is probable cause or reasonable grounds to believe that the parolee has violated the terms of parole, and (2) A final revocation hearing before the parole board for a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation.

At the preliminary hearing you are minimally entitled to: (1) A hearing conducted by one not involved in initiating revocation charges; (2) Notice of the facts upon which the revocation charges are based; (3) The right to be present and to be heard on your behalf; (4) A written summary of the evidence and arguments presented; (5) A written decision containing the facts and reasoning for finding probable cause, & (6) The right to confront those providing adverse information unless the hearing officer determine that the informant would be subjected to risk of harm if his/her identity was disclosed.

The minimal due process to be accorded a parolee before his parole can be revoked includes: (1) Written notice of the claimed violations of parole; (2) disclosure to the parolee of the evidence against him; (3) an opportunity to be heard in person and present witnesses and documentary evidence; (4) the right to cross-examnie adverse witnesses; (5) a natural and detached hearing body such as a traditional parole board member; (6) and a written statement by the fact finder as to the evidence relied on and the reasons for revoking parole. Ala. R. Crim. P. 27.5 and 27.6

I Anthony J. Cable being over the age of 21 do swear the following statement is true and correct to the best of my knowledge and ability:

On the 18th day of June 2002, my parole was revoked /violated by the Madison County Probation & Parole department. My parole officer Ms. Bridget McGraw violated my parole. Her actions were supported by her supervisor Mr. T.C. Bill.

I was later given a preliminary hearing. this hearing was held by Mr. Bill and Ms. McGraw. I was represented by attorney, Mr. J. Brice Callaway of Huntsville, Ala. During said hearing we were not allowed to present witnesses or documentary evidence.

We were not allowed to cross examine witness against me. Nor was I afforded a copy of a written decision containing the facts and reasoning for finding probable cause that I violated the term ofmymy parole. During this hearing we were not provided notice of the facts upon which the revocation charges were based.

On the 24th of July 2002, my parole was revoked by the Bureau of Pardons & Paroles. At no point and time was I ever afforded a final revocation hearing. I was placed in the custody of the Al. Department of Corrections.

I and my family have made this violation of my rights known to the following personell departments in the Bureau of Pardons & Parole; Legal Division, revocation Division, Executive Director, and Parole Board Members. On four accounts my family attended parole hearings held on me. Each time notifying the Board of me never being afforded a revocation hearing. All four times the Board denied me parole. The Board Members disregarded this information. Thus I have been illegally detained twenty plus years inthe custody of the Ala. Department of Corrections.

Signature: *[signed] Anthony J. Cable*

Done this 27th day of Feburary 2023.

Anthony J. Cable #134917
W.E. Donaldson Corr. Facility
100 Warrior Lane
Bessemer, Al. 35023
K-125

"...m an
...not
...Department
been ...ted. ...
of Corrections (ADOC) is not responsible for
the substance or content of the enclosed
communication."

United States District Court
for the Middle District
B110 Frank M. Johnson Jr.
U.S. Courthouse Complex
One Church St.
P.O. Box 711
Montgomery, Al. 36101-0711

LEGAL ONLY