IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY J. CABLE, | ) | |
| AIS 134917, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-cv-199-MHT-CSC |
| | ) | |
| MADISON COUNTY PROBATION & | ) | |
| PAROLE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I. INTRODUCTION**

Plaintiff, an inmate incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama, filed this Complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions. He names as defendants the Madison County Probation and Parole Department, Madison County Probation and Parole Officer Bridget McGraw, the Alabama Bureau of Pardons and Paroles, Executive Director Cam Ward, and parole board members Leigh Gwathney, Darryl Littleton, and Dwayne Spurlock. Plaintiff challenges matters associated with his parole revocation proceedings held in Madison County, Alabama, in July 2002. For relief, Plaintiff request damages and his reinstatement on parole. Doc. 1. Upon review, the Court finds this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391 and 28 U.S.C. § 1404.[1]

---

[1] Upon filing the Complaint, Plaintiff submitted a prisoner trust fund account statement (Doc. 3), but he did not pay the filing and administrative fees nor did he file an application for leave to proceed in forma

## II. DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a).

The matters specifically challenged in Plaintiff's Complaint occurred in Madison County, Alabama, which is in the Northern District of Alabama.[2] Thus, a majority of material witnesses and evidence associated with those claims relevant to Plaintiff's allegations are located in the Northern District of Alabama. Additionally, Plaintiff is confined at the Donaldson Correctional Facility which is located in the Northern District of Alabama. Although by virtue of their positions as executive director and members of the Alabama Board of Pardons and Paroles Cam Ward, Leigh Gwathney, Darryl Littleton,

---

pauperis. Entry of any appropriate orders in this regard, including the assessment and collection of any filing fees, however, should be undertaken by the United States District Court for the Northern District of Alabama.

[2] Although Plaintiff names several defendants to this cause of action, his claims are primarily directed to the conduct and actions of Defendants Madison County Probation and Parole Department and Madison County Probation and Parole Officer Bridgett McGraw regarding the challenged parole revocation proceeding. Doc. 1 at pgs. 3–5, 9.

and Dwayne Spurlock reside in the Middle District of Alabama, they are subject to service of process throughout the State. In light of the foregoing, the Court concludes that under 28 U.S.C. § 1391(b), the proper venue for this action is the Northern District of Alabama, and it is due to be transferred under 28 U.S.C. § 1404(a).[3]

### III. CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

Further, it is ORDERED that by **May 10, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

---

[3] In transferring this case, the Court makes no determination with respect to the merits of the claims presented in the Complaint.

1982); 11TH Cir. R. 3–1. *See Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    Done, this 26th day of April 2023.

                                        /s/ Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE